UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. BROWN,

        Plaintiff,

                                                    Case No.       05-71240

v.

                                                    HONORABLE DENISE PAGE HOOD

JAMES KEITH HILL et. al.,

        Defendant.

_____/

**ORDER**

**I.    INTRODUCTION**

        This matter is before the Court on Defendants K.E.J.I. and Q Club's Motion for Summary Judgment, filed February 23, 2006; Defendant County of Macomb's Motion for Summary Judgment, filed February 27, 2006; and Plaintiff's Motion to Supplement Pleadings, filed on March 29, 2006. Plaintiff filed a Response to Defendants K.E.J.I. and Q Club's Motion for Summary Judgment on March 13, 2006. Defendants K.E.J.I and Q Club filed a Reply on March 17, 2006. Plaintiff filed a Response to Defendant County of Macomb's Motion for Summary Judgment on March 27, 2006. Defendant County of Macomb filed a Reply on April 3, 2006.

**II.    STATEMENT OF FACTS**

        The current action arises out of events that occurred on October 14, 2003, (Compl. ¶ 7), at Defendant Q Club, which is operated by Defendant K.E.J.I. Inc.. (Compl. ¶ 5). Defendant Hill was a police officer employed by Defendant County of Macomb. (Compl. ¶ 9). Plaintiff, Robert Brown, and Defendant Hill were patrons of Defendant Q Club on the night in question. Sometime during the night, Defendant Hill and the Plaintiff were involved in a physical altercation with each other.

(Compl. ¶ 11-12). Plaintiff alleges that Defendant Hill unlawfully arrested him, physically assaulted him, and fired a department issued handgun in close proximity to Plaintiff's head. *Id*. Defendant was found to be intoxicated at the time of the altercation. (Compl. ¶ 29). The Complaint was filed on September 29, 2005, alleging constitutional violations under 42 U.S.C. § 1983 against Defendant Hill, (Compl. at 3), and Defendant County of Macomb, (Compl. at 4); and violation of Michigan's Dram Shop Act, against Defendants K.E.J.I., Inc. and Q Club.

### III. STANDARD OF REVIEW

Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

### IV. APPLICABLE LAW & ANALYSIS

#### A. Defendants K.E.J.I., Inc. and Q Club's Motion for Summary Judgment

Plaintiff's Amended Complaint alleges only one count against Defendants K.E.J.I., Inc. and Q Club, a Dram Shop action in violation of MCL § 436.1801. Michigan's Dram Shop Act prohibits any retail licensee from selling, furnishing or giving alcoholic liquor to a person who is visibly

intoxicated. MCL § 436.1801(b)(2). The statute also provides:

> Except as otherwise provided in this section, an individual who suffers damage or who is personally injured by a minor or visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of alcoholic liquor to the minor or visibly intoxicated, if the unlawful sale is proven to be a proximate cause of the damage, injury, or death, or the spouse, child, parent, or guardian of that individual, *shall have a right of action* in his or her name *against the person who by selling, giving, or furnishing the alcoholic liquor* has caused or contributed to the intoxication of the person or who has caused or contributed to the damage, injury or death.

M.C.L. § 436.1801(b)(3) (emphasis added). As provided by the statute, a showing that the defendant sold, gave, or furnished an alcoholic liquor to a person who was visibly intoxicated is required to support an action under the Dram Shop Act. *Id.* A plaintiff asserting a claim under the Dram Shop Act must establish: (1) that the plaintiff was injured or damaged by a visibly intoxicated person; (2) that the defendant unlawfully, sold, gave or furnished alcohol to such visibly intoxicated person; (3) that the selling, giving or furnishing of the alcohol cause or contributed to the intoxication of such person; and (4) that the selling, giving or furnishing of the alcohol was a proximate cause of the plaintiff's injury. *Heyler v. Dixon*, 160 Mich. App. 130, 143 (Mich. App. 1987). Under Michigan law, "the mere fact that the alleged intoxicated person drank alcoholic beverages is not sufficient to establish that he was visibly intoxicated." *Robrahn v. RFN Group Inc.*, 2006 WL 509772, *3 (Mich.App. 2006), citing *Heyler*, 160 Mich. App. at 145. A person is "visibly intoxicated," under Michigan's Dram Shop Act, when such person's intoxication would be apparent to an ordinary observer. *Miller v. Ochampaugh*, 191 Mich. App. 48, 56 (Mich. App. 1991).

Defendants K.E.J.I., Inc. and Q Club argue that summary judgment is appropriate because Plaintiff cannot show that Defendant Hill was visibly intoxicated. Plaintiff submits evidence that Defendant Hill was *actually* intoxicated, including the results of his preliminary breath test, and the fact that he had consumed six beers and a half-pint of whiskey before being served three additional beers by Carrie Manley, an employee of Defendant Q Club.

As evidence of visible intoxication, Plaintiff submits the unsigned affidavit of a witness, Jason Ford.[1] (Pl.'s Resp. at 7, Ex. E). In the affidavit, Mr. Ford attests that he was with Plaintiff at the Q Club on the date in question and Defendant Hill (1) was visibly intoxicated, (2) his eyes were bloodshot, (3) he was loud and obnoxious; and (4) he was slurring his words. Given that Plaintiff submitted the signed affidavit of Mr. Ford on Marcy 22, 2006, the Court finds that this raises a question of fact on the issue of whether Defendant Hill was visibly intoxicated.

Aside from Mr. Ford's affidavit, Plaintiff argues that Defendant Q Club's employee who was serving Defendant Hill, Ms. Manley, was a friend of Defendant Hill's, conversed with him that night and should have known that he was intoxicated when she served him. (Pl.'s Resp. at 7). Plaintiff further argues that since Defendant Hill had consumed six beers, and a half pint of whiskey before consuming the three beers served to him at Defendants K.E.J.I., Inc. and Q Club's establishment it is a logical presumption that Defendant Hill was in an "obviously intoxicated state". (Pl.'s Resp. at 7-8).

The sworn affidavit of Jason Ford and Plaintiff's argument that due to the amount of liquor Defendant Hill consumed it is a logical presumption that he was "obviously intoxicated" create a question of fact sufficient to withstand Defendant K.E.J.I., Inc. And Q Club's Motion for Summary Judgment pursuant to the Dram Shop Act.

**B.      Defendant County of Macomb's Motion for Summary Judgment**

Plaintiff alleges constitutional violations of his Fourth, Fifth, and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983, by Defendant County of Macomb's alleged (1) failure to properly train, monitor, direct, discipline, and supervise its officers in the Macomb County Sheriff's

---

[1] Plaintiff filed a Motion to Supplement Pleadings on March 29, 2006, seeking leave to file the signed affidavit of Jason Ford. The Court GRANTS Plaintiff's Motion to Supplement Pleadings. **[Docket No. 35, filed March 29, 2006]**.

Department; and (2) polices, procedures and customs adopted by the Macomb County Sheriff's Department. (Amend. Compl. ¶¶ 24-25). Defendant County of Macomb asserts that summary judgment should be granted for three reasons: (a) Defendant Hill was not acting under color of law; (b) Plaintiff has not identified any custom or policy; and (c) Plaintiff has not shown that the alleged policy or custom was a result of Defendant County of Macomb's deliberate indifference.

### 1.     Color of Law

Plaintiff alleges that Defendant Hill was acting under color of state law when involved with the events in question. Liability under Section 1983 arises where a person, *under color of law*, causes a United States citizen to be deprived of any rights, privileges, or immunities afforded by the Constitution. 42 U.S.C. § 1983. A private actor acts under color of state law, for purposes of a Section 1983 claim, when his or her conduct is fairly attributable to the state. *Romanski v. Detroit Entertainment*, 428 F.3d 629, 636 (6th Cir. 2005). "Acts of police officers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. § 1983." *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975). The Sixth Circuit has held that a police officer acts under color of law when he or she purports to exercise his or her official authority. *Memphis, Tennessee Area Local, American Postal Workers Union AFL-CIO v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2003), citing *Waters v. City of Morristown, Tennessee*, 242 F.3d 353, 359 (6th Cir. 2001). "Such manifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." *Id.*, citing *Layne v. Sampley*, 627 F.2d 12-, 13 (6th Cir. 1980).

Defendant County of Macomb argues that Defendant Hill was not acting under color of law because he and his wife did not go to the bar on official police business, he was not in uniform, he was not driving a police car, and he did not display a badge. (Def.'s Mot. Summ. J. at 11). Plaintiff

submits the transcript of Defendant Hill's Garrity Hearing, where Defendant Hill repeatedly states that he announced that he was a police officer and that he was attempting to apprehend the Plaintiff. (Pl.'s Resp., Ex. C). Defendant Hill also states that Defendant's gun was discharged as he struggled to apprehend the Plaintiff. *Id*. At one point, Defendant Hill states, "[M]y natural reaction was to apprehend this person who had just struck me. So, a natural reaction was I drew my revolver and announced that I was a police officer and I wanted him to get down on the ground." *Id*. Based on the statements of Defendant Hill, Plaintiff has presented sufficient evidence that Defendant Hill was acting under color of law.

### 2. Custom or Policy

Plaintiff asserts that Defendant County of Macomb violated 42 U.S.C. § 1983 as a result of customs or policies that lead to the alleged constitutional violations. In determining liability under a Section 1983 claim, the first question is whether or not the injury was caused by a constitutional violation. *Lewellen v. Metropolitan Gov't of Nashville and Davidson County, Tennessee*, 34 F.3d 345, 350 (6th Cir. 1994). The second question, to be asked, is whether the defendant is responsible for the violation. *Id*. A municipality is liable in a Section 1983 claim if the constitutional violation was a result of municipal custom or policy. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 56 L. Ed.2d 611, 98 S. Ct. 2018 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983." *Id*. at 694.

The mere fact that a municipality employed the official who committed the offense is not enough to hold a municipality liable in under Section 1983. *Id*. at 691. Section 1983 claims based solely on vicarious liability or respondeat superior are without merit. *Id*. "At the very least there

must be an affirmative link between the policy and the particular constitutional violation alleged." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed.2d 791 (1985). The "official policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 321, 326 (1981), see also *Monell*, 436 U.S 658.

Plaintiff alleges that Defendant County of Macomb had a policy of failure to train (or inadequate training), supervise, and discipline its officers. Defendant County of Macomb argues that Plaintiff has not identified any municipal custom or policy to support holding Defendant County of Macomb liable for a Section 1983 claim. In the Response, Plaintiff states that Defendant County of Macomb had knowledge of improper behavior by Defendant Hill. However, Plaintiff does not identify any custom, policy or procedure of Defendant County of Macomb that would violate Plaintiff's constitutional rights. As such, Plaintiff cannot sustain a claim of municipal liability pursuant to Section 1983, and summary judgment is appropriate as to Defendant County of Macomb.

### 3.     Deliberate Indifference

Plaintiff also alleges that Defendant County of Macomb's failure to properly train its officers, led to violations of Plaintiff's constitutional rights. When it is alleged that a municipality is liable for failure to properly train its police officers, such liability arises "only where the failure to train amounts to deliberate indifference to the rights of person's with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). In a Section 1983 failure to train claim, the plaintiff must prove: (1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the city's deliberate indifference; and (3) that the inadequacy is "closely related to" or "actually caused" the plaintiff's injury. *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989).

Defendant argues that Plaintiff has not shown that its allegedly inadequate training program was a result of Defendant County of Macomb's deliberate indifference to the rights of the people with whom the police come in contact with.  Plaintiff submits various incidents of Defendant Hill's misconduct and subsequent actions taken by Defendant County of Macomb regarding such conduct.  Plaintiff claims that there have been incidents of alleged sexual harassment, aggressiveness, and ethnically demeaning conduct by Defendant Hill previously reported to Defendant County of Macomb.  Plaintiff also submits evidence that some civilians were afraid of Defendant Hill's angry demeanor.  (Pl.'s Resp., Ex. F).  Plaintiff, however, also submits evidence that Defendant County of Macomb disciplined Defendant Hill, by docking his annual leave time by eight hours.  (Pl.'s Resp., Ex. G).  Plaintiff also claims that Defendant County of Macomb ordered Defendant Hill to attend a training session on sexual harassment after formal complaints were filed against him.  Plaintiff submits a formal misconduct report in which Undersheriff Ronald Tuscany states:

   3.   Correctional Officer Hill is hereby reminded that his agency, along with the County of Macomb, does not condone or tolerate sexual harassment.

   4.   It is understood that if a similar Misconduct Report is received involving any sort of sexual harassment it shall result in additional discipline up to and including discharge.

(Pl.'s Resp., Ex. E).

While Plaintiff alleges that Defendant County of Macomb was deliberately indifferent to the rights of the persons it served,  Plaintiff's submitted evidence may be seen to suggest otherwise.  Defendant City of Macomb disciplined Defendant Hill after each allegation was investigated and found to be sustainable, as shown by Plaintiff's own submissions.  Based on Plaintiff's submitted evidence, Plaintiff has not shown that Defendant County of Macomb was deliberately indifferent, as required in a Section 1983 action.  As such, summary judgment is appropriate as to Plaintiff's failure to train claim.

Accordingly,

    IT IS HEREBY ORDERED that Defendants K.E.J.I and Q Club's Motion for Summary Judgment **[Docket No. 24, filed February 23, 2006]** is DENIED

    IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement Pleadings **[Docket No. 35, filed March 29, 2006]** is GRANTED.

    IT IS FURTHER ORDERED that Defendant County of Macomb's Motion for Summary Judgment **[Docket No. 25, filed February 27, 2006]** is GRANTED as to Plaintiff's claims for violations of his 4th, 5th, 14th Amendments under 42 U.S.C. **§** 1983.

    IT IS FURTHER ORDERED that a Final Pretrial Conference in this matter shall be held on October 23, 2006 at 2:30 p.m.

                            S/Denise Page Hood  
                            Denise Page Hood  
                            United States District Judge

Dated: September 29, 2006

    I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

                            S/William F. Lewis  
                            Case Manager